UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENELLE HERNANDEZ             *    CIVIL ACTION NO. 25-2015
                                        *
                                        *
VERSUS                             *    DIVISION: 1
                                        *
                                        *
CAJUN BOURBON, LLC           *    MAGISTRATE JUDGE
                                        *    JANIS VAN MEERVELD
***********************************   *

ORDER AND REASONS

Before the Court is defendant's Motion to Set Aside Entry of Default (Rec. Doc. 13). For the reasons that follow, the Court finds good cause to set aside default. Accordingly, Cajun Bourbon's Motion to Set Aside Default (Rec. Doc. 13) is GRANTED. This ruling renders plaintiff's Motion for Default Judgment moot and it is therefore further ordered that the Motion for Default Judgment (Rec. Doc. 15) is DENIED. Cajun Bourbon shall file its responsive pleadings no later than March 27, 2026.

Background

Plaintiff Renelle Hernandez filed this lawsuit on September 26, 2025, alleging sexual harassment and discrimination claims against her former employer, defendant Cajun Bourbon, L.L.C. Rec. Doc. 1. On November 25, 2025, Ms. Hernandez filed a Motion for Substituted Service. Rec. Doc. 6. She reported that she had hired a process server, who had made multiple attempts to serve Cajun Bourbon at the address of its two registered agents. Id. at 1-2. The Sworn Declaration of the process server showed eight attempts on different days and at different times over a period of three weeks. Id. at 3. The process server also declared that during each attempt, a vehicle was observed in the carport in the rear of the driveway and that during the evening attempts, lighting was observed in the rear of the house. Id. Ms. Hernandez represented that defendant Cajun

1

Bourbon owns and operates Olde N'Awlins Cookery Restaurant at 205 Bourbon Street, New Orleans, LA 70130. Id. at 1. The Court granted Ms. Hernandez's motion and ordered that "service of the summons and complaint shall be served on Defendant, Cajun Bourbon, LLC, by personally serving the summons and complaint on any employee of a suitable age of Olde N'Awlins Cookery Restaurant located at 205 Bourbon Street, New Orleans, LA 70130." Rec. Doc. 7.

As reflected in the executed Proof of Service Declaration, Ms. Hernandez effected service when the process server left the Summons and Complaint with the "black female behind the bar who admitted to being a manager" of the Old N'Awlins Cookery. Rec. Doc. 9. Cajun Bourbon's Answer was due December 26, 2025. No Answer was filed. On Ms. Hernandez's motion, the Court entered default on February 3, 2026.

On February 12, 2026, Cajun Bourbon appeared and filed the present Motion to Set Aside Entry of Default. Rec. Doc. 13. It argues leaving the Summons and Complaint with an employee was improper service and that its registered agent Wassek Badr should have been served. It submits the Affidavit of its President Morton Bader, who avers that Cajun Bourbon did not learn of this lawsuit until February 6, 2026, when Wassek Badr received copies of the Motion for Entry of Default, Declaration in Support, and Entry of Default sent to his residence by counsel for Ms. Hernandez, and which he then delivered to Morton Bader. Rec. Doc. 13-4. Morton Bader further avers that the Olde N'awlins cookery had no black female manager working behind the bar on December 4, 2026, who was authorized to receive legal documents or service of process and/or act as agent of Cajun Bourbon. Id. He asserts that no person fitting that description turned in any papers or documents to any manager at the restaurant. Id. Morton Bader adds that Richard McCormack represented Cajun Bourbon in the defense of the charge of discrimination Ms. Hernandez filed with the Equal Employment Opportunity Commission through her counsel. Id.

He seems to complain that Mr. McCormack received no communication from counsel for Ms. Hernandez after counsel requested the EEOC discontinue the investigation and issue a Notice of Right to Sue. Id.

Ms. Hernandez opposes setting aside default. She submits that she made several attempts to serve Cajun Bourbon's registered agent, and she points out that the Court granted her motion to substitute service. As a result of the Court's order, she insists, any employee of Olde N'Awlins Cookery of suitable age was appointed by law and, therefore, authorized to accept service by Federal Rule of Civil procedure 4(h)(1). She submits that default should not be set aside because Cajun Bourbon did not appear until over two months after being served. She adds that Cajun Bourbon's attorney is ineligible to practice law with the Louisiana State Bar Association.

Meanwhile, on March 2, 2026, Ms. Hernandez filed a Motion for Default Judgment. Rec. Doc. 15. That motion has not yet been set for hearing.

<u>Law and Analysis</u>

1. *Standard for Setting Aside Default*

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." <u>United States v. One Parcel of Real Prop.</u>, 763 F.2d 181, 183 (5th Cir. 1985). "[T]he standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." <u>Id.</u> And, it should be remembered, that the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." <u>Rogers v. Hartford Life & Acc. Ins. Co.</u>, 167 F.3d 933, 936 (5th Cir. 1999).

3

*2. Analysis*

Here, final judgment has not yet been entered, so Cajun Bourbon must show good cause to set aside default. First, the Court cannot find that Cajun Bourbon's default was willful. Although the evidence suggests that Cajun Bourbon's registered agent may have been evading service by not answering the door, it is also possible that no one was home at the time or that he did not hear the knock. Importantly, in his Declaration, Cajun Bourbon's president swears that he did not receive notice of the lawsuit until he received a copy of the Motion for Entry of Default on February 6, 2026. Cajun Bourbon promptly made an appearance through counsel[1] on February 12, 2026. The Court finds that Cajun Bourbon's failure to defend the case was not willful.

Neither party addresses whether Ms. Hernandez would be prejudiced or whether Cajun Bourbon will present a meritorious defense. It is less than six months since Ms. Hernandez filed suit. The Court finds she will not be prejudiced if default is set aside and the case proceeds on the merits. Although the Court has no information about Cajun Bourbon's defense to Ms. Hernandez's claims, under the circumstances, the Court finds it appropriate for this case to proceed on the merits. All factors weigh in favor of finding good cause to set aside default.

Conclusion

Because the Court finds Cajun Bourbon's default was not willful, that Ms. Hernandez will not be prejudiced by the setting aside of default, and that it would be preferable for this case to be resolved on the merits of Ms. Hernandez's claims and Cajun Bourbon's defenses, the Court finds good cause to set aside default. Accordingly, Cajun Bourbon's Motion to Set Aside Default (Rec.

---

[1] Ms. Hernandez reports that Cajun Bourbon's attorney is ineligible to practice law with the Louisiana State Bar Association. Indeed, the Louisiana State Bar Association website lists attorney Richard McCormack as ineligible for noncompliance with Trust Account Registration requirements. See https://www.lsba.org/MD321654/MembershipDirectory.aspx (last accessed Mar. 9, 2026, at 1:56 p.m.). However, Mr. McCormack is presently eligible to practice in the Eastern District of Louisiana.

Doc. 13) is GRANTED. This ruling renders Ms. Hernandez's Motion for Default Judgment moot,

and it is therefore further ordered that the Motion for Default Judgment (Rec. Doc. 15) is DENIED.

Cajun Bourbon shall file its responsive pleadings no later than March 27, 2026.

New Orleans, Louisiana, this 13th day of March, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

5